IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED
MAY 11 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

CHRISTOPHER LEYJA, )
)
Petitioner, )
)
vs. ) No. CIV-09-265-W
)
STATE OF OKLAHOMA, )
)
Respondent. )

## ORDER

On April 7, 2010, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court not only deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Christopher Leyja, but also deny Leyja's request to stay these proceedings. Leyja was advised of his right to object, and the matter now comes before the Court on Leyja's Objection to Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's well-reasoned disposition of this matter.

In April 2006, Leyja was convicted in the District Court of Oklahoma County, Oklahoma, of rape in the first degree (Count I), burglary in the first degree (Count II) and forcible oral sodomy (Count III), all after conviction of two or more felonies. State v. Leyja, No. CF-2004-7021. Leyja was sentenced on April 10, 2006, in accordance with the jury's recommendation to terms of forty (40) years of imprisonment on Count 1 and twenty (20) years of imprisonment on both Counts II and III, said terms to be served consecutively. See Judgment and Sentence (April 11, 2006).

Leyja appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences in a summary opinion. Leyja v. State, No. F-2006-409 (Okla. Crim. October 17, 2007)(hereafter "Summary Opinion"). Thereafter, Leyja unsuccessfully sought state post-conviction relief. Leyja v. State, No. PC-2008-1053 (Okla. Crim. Feb. 3, 2009)(hereafter "Post-Conviction Order").

In the instant Petition, Leyja has sought relief on the grounds that trial and appellate counsel were ineffective and that certain testimony was erroneously admitted. Leyja has also contended that he is entitled to habeas relief because there was insufficient evidence of his guilt and based upon his arguments of actual innocence.

Because Leyja's claims regarding trial counsel's failure to call Leroy Bruce Dorman as a witness and regarding appellate counsel's allegedly improperly actions in filing the direct appeal were presented to, and denied by, the OCCA, see Summary Opinion at 3; Post-Conviction Order at 2, this Court may only grant Leyja habeas relief if the OCCA's adjudication of these grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). That is to say, Leyja is only entitled to federal habeas relief under section 2254 if he has demonstrated that the OCCA's adjudication of his claims "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

2

As the record reveals, Leyja has not demonstrated that the OCCA's determinations with regard to these claims was contrary to, or involved an unreasonable application of Supreme Court precedents. Leyja is therefore not entitled to habeas relief on these claims.

The Court has also examined Leyja's arguments regarding the testimony of Terri Gillespie, a sexual assault nurse examiner, which were also presented to, and rejected by, the OCCA on direct appeal. See Summary Opinion at 2. The Court finds first that an evidentiary hearing is not warranted in connection with Leyja's claims challenging Gillespie's testimony. The Court further finds under AEDPA's deferential standards, that it is bound by the OCCA's determinations with regard to Gillespie's qualification as an expert witness and with regard to the admissibility of her testimony.

As to Leyja's claims that were not presented to the OCCA, including Leyja's arguments concerning the effectiveness of his trial and appellate counsel (on matters not related to Dorman's testimony), the alleged insufficiency of evidence to support his convictions for rape in the first degree and burglary in the first degree, the jurisdiction of the OCCA over his direct appeal and the admission into evidence of certain comments by Detective Kim Davis, the Court, in exercising its independent judgment, finds such claims are without merit and do not entitle Leyja to any relief. The Court further finds that a stay of these proceedings is not warranted.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 13] issued on April 7, 2010;

(2) DENIES Leyja's Petition file-stamped March 11, 2009;

(3) DENIES Leyja's Request for Leave to Expand Ineffective Assistance of Appellate Counsel Claim or Request to Stay Proceedings [Doc. 12] file-stamped April 17, 2009; and

(4) ORDERS that judgment in favor of respondent State of Oklahoma issue forthwith.

ENTERED this 11th day of May, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE